THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
In The Interest Of: S., Joshua,       
Appellant.
 
 
 

Appeal From Richland County
Donna S. Strom, Family Court Judge

Unpublished  Opinion No. 2003-UP-367
Submitted March 26, 2003 - Filed May 
 21, 2003

AFFIRMED

 
 
 
Chief Attorney Daniel T. Stacey, of Columbia; Warren Blair 
 Giese, of Columbia; for Appellant
Attorney General Henry Dargan McMaster, Chief Deputy Attorney 
 General John W. McIntosh, Assistant Deputy Attorney General Charles H. Richardson, 
 Assistant Attorney General W. Rutledge Martin, of Columbia; for Respondent.
 
 
 

PER CURIAM:  Joshua S. appeals from the order of the family court requiring 
 him to cooperate with registration for the Sex Offender Registry.  We affirm.  

FACTUAL/PROCEDURAL BACKGROUND
According to the petition in family court, 
 on August 24, 2000, Joshua S. had sexual intercourse with the victim, who was 
 thirteen years old at the time.  A child sexual assault examination protocol 
 indicated that the victim had been assaulted.  In addition, the victim gave 
 a written statement indicating Joshua S. had committed the act.  Joshua S. was 
 sixteen years old at the time of the incident.  
The Solicitors Office remanded the case 
 to family court.  Joshua S. pled guilty to criminal sexual conduct with a minor 
 in the second degree.  Although he admitted that he had performed oral sex on 
 the victim, he maintained that the conduct was consensual.  The Honorable Leslie 
 K. Riddle ordered Joshua S. to be evaluated at the Midlands Evaluation Center.  
 At a subsequent hearing, Judge Riddle ordered that before a final disposition 
 of the case, the Department of Mental Health should assess Joshua S. and treat 
 him with medications as deemed appropriate and that he should have a sex offender 
 risk assessment completed.  
The Honorable Donna S. Strom presided 
 over the final hearing held June 19, 2001.  At the hearing, a friend of the 
 victim stated that earlier on the day of the incident, the victim told her how 
 she wanted to talk to Joshua S.  Joshua S. came over to the friends home.  
 He and the victim went into a bedroom and locked the door.  The friend looked 
 under the door and saw their clothes on the floor.  When they came out of the 
 room, they were both dressed.  The victim gave Joshua S. a hug at the door.  
 The friend stated she did not hear any screaming or any sort of disruption going 
 on in the room.  
Judge Strom ordered Joshua S. to be committed 
 to the South Carolina Department of Juvenile Justice for an indeterminate period 
 of time not to exceed his twenty-first birthday.  She also ordered him to cooperate 
 with the Sex Offender Registry.  In doing so, she explained, And If I was looking 
 at this just as this isolated incident I would probably agree [not to have him 
 register], but when I read this report there is more to this whole picture than 
 just this one incident. . .  She ordered him placed on the registry, Because 
 of this report as a whole, not because of this incident.  
DISCUSSION
South Carolina Code Ann. § 23-3-400 et 
 seq. (Supp. 2002) creates a Sex Offender Registry of those convicted of 
 or adjudicated delinquent of certain offenses.  Criminal sexual conduct with 
 minors, second degree is one such offense.  S.C. Code Ann. § 23-3-430(3) (Supp. 
 2002).  This subsection provides two exceptions where a person convicted or 
 adjudicated delinquent of second degree criminal sexual conduct with a minor 
 is not an offender and is not required to register pursuant to the provisions 
 of the statutes upon the courts specific finding on the record that the conduct 
 was consensual.  
The first exception is when the conviction 
 obtained for this offense resulted from consensual sexual conduct, as contained 
 in Section 16-3-655(3) provided the offender is eighteen years of age or less.  
 South Carolina Code Ann. § 16-3-655(3) (2003) provides: 

A person is guilty of criminal sexual conduct in the second 
 degree if the actor engages in sexual battery with a victim who is at least 
 fourteen years of age but who is less than sixteen years of age and the actor 
 is in a position of familial, custodial, or official authority to coerce the 
 victim to submit or is older than the victim.

The second exception is where the conviction or 
 adjudication was for consensual sexual conduct between persons under sixteen 
 years of age. [1]   Id. 
The first exception only applies if the 
 victim is between the ages of fourteen and sixteen years old and the offender 
 is eighteen years old or less.  The second exception applies only when both 
 the victim and offender are under sixteen years old.  In the present case, the 
 victim was thirteen years old and Joshua S. was sixteen years old at the time 
 of the incident.  Thus, neither exception is applicable to this case.  A finding 
 of whether the conduct was consensual was irrelevant to the issue of whether 
 Joshua S. is required by law to register as a sex offender.  Accordingly, we 
 find no error in the family court ordering Joshua S. to register as a sex offender.  

 AFFIRMED.
CURETON, ANDERSON, and HUFF, JJ., concur.  
 

 
 [1] South Carolina Code Ann. § 16-3-655(2) (2003) 
 provides, A person is guilty of criminal sexual conduct in the second degree 
 if the actor engages in sexual battery with a victim who is fourteen years 
 of age or less but who is at least eleven years of age.